194 So. 672

### RILEY v. ALABAMA BEER DIS-
### TRIBUTORS.

7 Div. 620.

Supreme Court of Alabama.

March 14, 1940.

McCord & Miller, of Gadsden, for appellant.

Otto Zerwick and Geo. Murphy, both of Gadsden, for appellee.

THOMAS, Justice.

The suit was on an open account for the purchase price of beer.

Defendant's plea of the general issue was the denial of the purchase thereof and liability therefor.

The court gave the general affirmative charge for plaintiff.

When plaintiff had rested, defendant introduced testimony tending to show that neither he nor his partner had a license to sell the beverage under the Alabama Beverage Control Act, General Acts of Alabama, Extra Session, 1936–37, p. 64, § 24, subsection (8), and urged that the sale was contrary to the law and to the public policy of the state, and hence, a recovery was forbidden.

The statute is:

"Section 24. *Unlawful Acts:*—It shall be unlawful: * * *

"(8) For any licensee to knowingly sell an vinous and/or malt or brewed beverages to any person engaged in the business of illegally selling liquor, vinous and/or malt or brewed beverages."

The bill of exceptions fails to show that the plaintiff knowingly sold the beer in question to the defendant engaged in the

business of illegally "selling liquor, vinous and/or malt or brewed beverages."

In the absence of such proof, the giving of the general affirmative charge, requested by the plaintiff, was without error.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.